UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GUAVA KIDS, LLC, an Oregon domestic
limited liability company,

        Plaintiff,                       3:12-cv-01772-ST

        v.                              FINDINGS AND
                                                  RECOMMENDATION

GUAVA FAMILY, INC., a California
corporation,

        Defendant.

STEWART, Magistrate Judge:

## **INTRODUCTION**

      Plaintiff, Guava Kids, LLC ("Guava Kids"), is a small Oregon business started by two mothers which creates "beautiful, functional, and eco-conscious . . . mittens for babies." Complaint, ¶¶ 6, 8. Defendant, Guava Family, Inc. ("Guava Family"), is a California corporation which sells, distributes, and advertises a portable "adventure" crib under the trademark "GOCRIB." *Id*, 7, 9. Since mid-July 2012, the parties have disputed whether Guava Kids' federally registered trademark of "GUAVA KIDS" for "Mittens; swaddling clothes," U.S. Reg. No. 4,176,029, filed December 8, 2009, and registered July 17, 2012, infringes on Guava Family's registered trademark of "GUAVA FAMILY" for "Cribs," U.S. Reg. No. 3,846,252, filed June 19, 2009, and registered September 7, 2010. Complaint, ¶¶ 11-12, 18.

1 – FINDINGS AND RECOMMENDATION

On September 13, 2012, Guava Family filed suit against Guava Kids in the United States District Court for the Southern District of California, Case No. 12-cv-2239 WQH-BGS ("California Action"), alleging claims for trademark infringement (15 USC § 1114), false designation of origin (15 USC § 1125), and unfair competition (Cal. Bus. & Prof. Code § 17200). Hangartner Decl., Ex. A. Guava Family did not immediately serve Guava Kids in the California Action, and the parties' settlement efforts were unavailing.

Asserting that Guava Family was using the California Action as a "settlement tool, without any actual intent to move the case forward," and suffering from a chill to its business due to the ongoing allegations of infringement (Complaint, ¶¶ 23-25), Guava Kids filed suit in this court alleging three counts for declaratory relief for non-infringement (Count 1), no false designation of origin (Count 2), and no unfair competition under California law (Count 3).

On October 16, 2012, Guava Family filed a Motion to Dismiss and Alternative Motion to Transfer (docket #11) this case to the United States District Court for the Southern District of California based on the first-to-file rule. Shortly thereafter, on November 7, 2012, in the California Action, Guava Kids filed a motion to dismiss or to transfer that case to this court. This court then deferred a ruling on the motion in this case, pending a ruling on the motion pending in the California Action (docket #23). On April 23, 2013, United States District Judge William Q. Hayes denied Guava Kids' motion in the California Action (docket #25, Ex. A). Judge Hayes rejected Guava Kids' arguments that the Southern District of California lacked personal jurisdiction over Guava Kids, that venue was improper, and that the California Action should be transferred based on the doctrine of *forum non conveniens*.

For the reasons that follow, this case should be transferred to the United States District Court for the District of Southern California.

**FINDINGS**

The centerpiece of the pending motion is the first-to-file rule and Guava Kids' strenuous objection to its application. Guava Kids contends that the first-to-file rule should not be applied because Guava Family used its mark only sporadically and as a trade name, sat idle while Guava Kids made heavy investments in registering its "GUAVA KIDS" mark, and engaged in brinksmanship and forum shipping, making no effort to serve the California Action until it learned that Guava Kids attempted to service the Complaint in this action. According to Guava Kids, Guava Family's bad faith tactics warrant an exception to the first-to-file rule.

The first-to-file rule "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F2d 93, 94-95 (9th Cir 1982) (citations omitted). This rule is premised upon the notion that "sound judicial administration" dictates that "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Id*.

This case involves the same parties and is a mirror image of the California Action which was filed first. Had the Southern District of California court determined that it lacked personal jurisdiction over Guava Kids, then any rationale for transferring this case to that court would be moot. Therefore, this court stayed its hand to see whether the first-filed California Action would survive. Given that the Southern District of California has personal jurisdiction over Guava Kids and has declined to dismiss or transfer that case, the arguments presented in the motion here may or may not persuade that court to take a different route. However, any arguments by the Guava Kids against applying the first-to file rule not already addressed in the California Action are

more appropriately addressed by the Southern District of California court. *Fijitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 WL 484789, at *3 (ND Cal Feb. 9, 2007) ("the court in the first-filed action should decide whether there is an exception to the first-to-file rule").

Accordingly, this case should be transferred to the Southern District of California to join the first-filed California Action filed by Guava Family.

## RECOMMENDATION

For the reasons stated above, Guava Family's Motion to Dismiss and Alternative Motion to Transfer (docket #11) should be GRANTED in part, and this action should be transferred to the United States District Court for the Southern District of California. In all other respects, the motion should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, June 07, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  May 21, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

4 – FINDINGS AND RECOMMENDATION